UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 06-189 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Janice M. Stepp, | |
| Defendant. | |

This matter is before the Court on Defendant Janice M. Stepp's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron, dated October 3, 2006. The R&R recommends that the Court deny Stepp's Motion to Suppress Evidence Seized Pursuant to an Invalid Warrant. For the reasons that follow, the Court adopts the R&R and denies the Motion.

**BACKGROUND**

On March 6, 2006, Lieutenant Murphy of the Wayzata Police Department submitted an application for a warrant to search the residence of Novella Gainey. The search warrant was executed on March 15, 2006, and Lieutenant Murphy spoke with Gainey at that time. Based on information Gainey provided and an ongoing investigation, Lieutenant Murphy applied for and obtained a search warrant for Stepp's residence. This second warrant is the subject of the instant Motion.

Lieutenant Murphy's affidavit contains the following facts. The Wayzata Police Department had received numerous reports from local retail businesses of counterfeit currency

being circulated. An investigation revealed that Gainey had passed counterfeit money on several occasions, and that Gainey worked for Stepp as an in-home care aide. When officers drove by Stepp's home, they saw a vehicle registered to Gainey parked in the driveway. During the subsequent execution of the warrant at Gainey's house, she admitted to passing counterfeit money at local businesses and depositing counterfeit money in the First National Bank of the Lakes on March 14, 2006. A bank employee confirmed that a female matching Gainey's description deposited currency, later learned to be counterfeit, into the bank account of a customer named Jan Stepp. Gainey told Lieutenant Murphy that she had obtained counterfeit bills from Stepp and a man named Stance, and that she had seen a two- or three-inch stack of currency, which she believed to be counterfeit, at Stepp's home. Gainey also related other details about the counterfeit operation to Lieutenant Murphy and positively identified Stepp in a photograph.

Lieutenant Murphy executed the warrant at Stepp's home on the evening of March 15, 2006. Officers seized counterfeit bills and equipment for making counterfeit currency from the residence, and Stepp confessed to making and possessing counterfeit money. On June 20, 2006, Stepp was charged by indictment with twelve counts of manufacturing and possessing counterfeit currency.

Stepp moved to suppress the evidence obtained from the warrant, arguing that the affidavit lacked probable cause. Stepp also argued that the good faith exception of United States v. Leon, 468 U.S. 897 (1984), did not apply because the issuing judge was misled by material omissions and the affidavit contained scarce indicia of probable cause. During the

motion hearing before the Magistrate Judge, Stepp also sought a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

The R&R found that Lieutenant Murphy's affidavit was supported by probable cause in accordance with Illinois v. Gates, 462 U.S. 231, 236 (1983). Alternatively, even if probable cause did not exist, the R&R recommended that the Court not suppress the evidence because the Leon good faith exception would apply. The R&R also rejected Stepp's Franks challenge, finding that Lieutenant Murphy neither omitted material facts from his affidavit nor acted intentionally or recklessly in omitting information. Even if the omissions were intentionally or recklessly made, however, the Magistrate Judge further found that the information would not have affected the issuing judge's determination of probable cause. Stepp timely filed Objections to the R&R's recommendations regarding probable cause and the applicability of Leon.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review and after careful consideration of the Objections, the Court concurs with the thorough and well-reasoned analysis of the Magistrate Judge and adopts the R&R.

Stepp first objects to the R&R's treatment of two cases, United States v. Gibson, 928 F.2d 250 (8th Cir. 1991), and United States v. LaMorie, 100 F.3d 547 (8th Cir. 1996). In Gibson, the Eighth Circuit Court of Appeals found no probable cause for a search warrant because police had no information about the reliability of an anonymous tipster and

corroborated only a few innocent details. 928 F.2d at 253. Stepp urges the Court to find the warrant in this case invalid because Gainey had no prior record of reliability and the police did not adequately corroborate her statements.

Contrary to Stepp's position, the R&R correctly distinguished Gibson from the case at hand and relied on LaMorie. First, unlike the informant in Gibson, who was anonymous, Lieutenant Murphy spoke in person with Gainey on more than one occasion. An informant who meets with police may be considered more credible and reliable because she can be held accountable for false information. See LaMorie, 100 F.3d at 553; see also United States v. Solomon, 432 F.3d 824, 827-28 (8th Cir. 2005). In addition, this is not a case in which police first learned of suspected criminal activity through an informant, as was the case in Gibson. Rather, law enforcement was already aware that counterfeit bills were circulating in the area because of reports from retail businesses. See LaMorie, 100 F.3d at 554. Finally, the Gibson court explicitly limited its holding to its facts, noting "[n]othing expressed herein should be construed as suggesting that an informant's tip can never be corroborated by innocent details. Each case must be evaluated according to its particular facts." 928 F.2d at 253 n.3. In evaluating this case on its facts, the R&R correctly determined that the police corroborated more than a few innocent details.

Stepp next disagrees with the R&R's characterization of Gainey as having an established basis of knowledge. This Objection is of little merit. Gainey had a substantial basis of knowledge and provided detailed information about Stepp's involvement in manufacturing and possessing counterfeit currency. Gainey personally knew Stepp and had seen counterfeit

currency and counterfeiting equipment in Stepp's home. Against her own interest, Gainey admitted to criminal activity. She also said that Stepp had given her the counterfeit money. The affidavit thoroughly set forth the extent of Gainey's knowledge.

Relatedly, Stepp questions purported inconsistencies in Gainey's statements to law enforcement. However, Stepp directs the Court to matters outside the four corners of the affidavit, which is impermissible in determining whether probable cause existed for the warrant. See United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982). The affidavit itself contains nothing that could be construed as misrepresentations or even inconsistencies by Gainey.

The Court concludes that the search warrant was adequately supported by probable cause to search Stepp's residence for evidence of counterfeit currency. However, even if probable cause was lacking, the officers executing the warrant had an objective, good faith belief that the warrant was supported by probable cause.

In Leon, the United States Supreme Court listed four circumstances in which the good faith exception does not apply: (1) when there is a Franks violation; (2) when the issuing judge wholly abandons his or her judicial role; (3) when it is entirely unreasonable to believe that an affidavit provides probable cause for a warrant; and (4) when the warrant itself is "so facially deficient" that no officer could reasonably presume it to be valid. 468 U.S. at 923. In her Objections, Stepp asserts that the first and third circumstances are present. The Court disagrees.

First, the R&R correctly found that there was no Franks violation. Lieutenant Murphy's omission of Gainey's criminal history from his affidavit was not material. See United States v. Flagg, 919 F.2d 499, 501 (8th Cir. 1990). Not only do informants frequently have criminal

5

records, but the issuing judge was already aware of Gainey's involvement in the counterfeiting scheme. Similarly, the omission of any inconsistencies in Gainey's statements was not material. If a source changes her story, it is a police officer's job to reconcile facts and obtain further information if necessary. As the Magistrate Judge adroitly stated:

> At the end of the day, it is law enforcement's job to ferret out truth from fiction, and they are not expected to include every nuance, twist and turn, and false start they encounter in a search warrant application and affidavit. What they are expected to include in the supporting affidavit are sufficient facts to support their belief that it is likely that contraband or evidence of a crime will be found in a particular place. That is what Lieutenant Murphy did here.

(R&R at 16-17.) Moreover, there is no evidence that Lieutenant Murphy acted recklessly or intentionally in omitting information about Gainey's criminal history from his affidavit. He explained that it was his practice to include the criminal history of only the person whose house was the subject of the warrant. If anything, the omissions were merely negligent. Finally, the Court agrees with the Magistrate Judge that including Gainey's criminal history in the affidavit would not have affected the issuing judge's finding of probable case.

Turning to the third Leon circumstance, this Court has already determined that the affidavit was replete with indicia of probable cause. Stepp's characterization of the affidavit as "bare bones" is simply inaccurate. Consequently, it was reasonable for the officers who executed the warrant to believe that it was supported by probable cause.

**CONCLUSION**

The Court has conducted a de novo review of the record and finds that the search warrant at issue was supported by probable cause. Even if probable cause did not exist, this case falls under the Leon good faith exception to the exclusionary rule. Thus, the evidence was properly

seized from Stepp's home, and her subsequent statements were not tainted by illegality. Accordingly, **IT IS HEREBY ORDERED** that:

1. Stepp's Motion to Suppress Evidence Seized Pursuant to an Invalid Warrant (Docket No. 18) is **DENIED**;

2. Stepp's Motion to Exclude Evidence Gathered as a Result of a Miranda Violation (Docket No. 19) is **DENIED as moot**;

3. Stepp's Motion to Withdraw Motion to Exclude Evidence Gathered as a Result of a Miranda Violation (Doc. No. 40) is **GRANTED**;

4. The R&R (Docket No. 49) is **ADOPTED**; and

5. Stepp's Objections to the R&R (Docket No. 52) are **OVERRULED**.

Dated: October 27, 2006

                                        s/ Paul A. Magnuson
                                        Paul A. Magnuson
                                        United States District Court Judge